[No. 3806.]

EDWARDS v. McLAUGHLIN ET AL.

APPEALS—*Finding Upon Sufficient Evidence,* will not be disturbed.

*Appeal from Otero District Court.* HON. C. S. ESSEX, Judge.

Mr. EARL W. HASKINS, for appellant.

Mr. MARION F. MILLER, Mr. HENRY W. ALLEN, for appellees.

KING, J., delivered the opinion of the court.

This action was commenced by the appellant herein for the purpose of subjecting certain real estate, record title of which was in defendant John L. McLaughlin, to the lien of a judgment in favor of the plaintiff and against the defendant Emma McLaughlin, upon the allegation that the last named defendant conveyed the said property to her husband, the co-defendant, with intent to hinder,

delay and defraud her creditors. Upon trial to the court, judgment was rendered in favor of the defendants.

The evidence shows that plaintiff obtained judgment against the defendant Emma McLaughlin under section 3021, Rev. Stat. 1908, which makes both husband and wife liable for family expenses, upon an alleged liability for medical services rendered to the family, at a time when defendant herein was the wife of one Brown, who thereafter died. In that suit, defendant made no appearance, but permitted the judgment to go against her by default. About the time the suit was brought she made a homestead entry upon the property in question, and thereafter conveyed the same to her co-defendant, to whom she was at that time married. Plaintiff offered no evidence, except his judgment, execution thereon, and return thereof *nulla bona,* and the transfer from wife to husband. The evidence upon the part of the defendants tends to show that the conveyance was made to the husband for full consideration, which was paid; that at the time she made the transfer, both she and her husband were advised and believed that the claim was not a legitimate one against her, and could not be collected from her property, for reasons not necessary to state here; that her interest in the real estate, acquired by descent from her former husband, was of small value, and was conveyed to her husband for the *bona fide* purpose of liquidating, and which did liquidate, her indebtedness to some of her creditors. The trial judge, before whom the witnesses appeared, decided that the evidence upon the part of the defendants was sufficient to overcome any presumption or suspicion of fraud raised by the conveyance from wife to husband with knowledge of plaintiff's claim. The evidence was sufficient, if credited, to overcome such presumption, and the finding of the trial court in that respect ought not to be disturbed. It would be difficult to find, or even conceive of, a weaker case upon which to predicate an appeal

the success of which is dependent entirely upon the finding by a court of review that the trial judge failed to understand the evidence or the weight thereof, or to correctly apply the same. The law in the case is plain. The judgment is affirmed.

*Affirmed.*